IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUNEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>BARNHART,<br><br>    Defendant. | No. C05-04064 MJJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Before the Court are Plaintiff's Motion For Summary Judgment Or Remand (Docket No. 6), and the Commissioner's Cross-Motion For Summary Judgment (Docket No. 7.)

For the following reasons, the Court the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion by **REMANDING** this matter for further consideration by the Commissioner as set forth below. The Court **DENIES** Defendant's Cross-Motion.

## FACTUAL BACKGROUND

On December 17, 2002, Plaintiff Maria Nunez ("Plaintiff") applied for benefits pursuant to Titles XIV and XVI of the Social Security Act. (Tr. at 63.) Plaintiff alleged disability beginning June 2, 2002 due to orthopedic problems. After serial denials, a hearing was held on January 14, 2004 (Tr. at 332), resulting in an unfavorable decision issued August 13, 2004. (Tr. at 17-25.) Plaintiff timely filed a request for review with the Appeals Council, which denied review on August 8, 2005. (Tr. at 7-9.) This action was then timely filed on October 7, 2005.

**LEGAL STANDARD**

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. of Civ. Proc. 56©.

Any individual may obtain judicial review of a final decision by the Commissioner of Social Security. 42 U.S.C. § 405(g). The district court's scope of review is limited to the pleadings and record. *Id.* The district court shall have the power to affirm, modify, or deny the Commissioner's decision with or without remanding the case for rehearing. *Id.* However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance, such that "a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one interpretation, one of which supports the ALJ's decision, the decision of the ALJ should be affirmed. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

**ANALYSIS**

**A.   Five-Step Sequential Evaluation For Disability.**

To qualify for Title II and Title XVI benefits, a claimant must establish a medically determinable physical or mental impairment that is expected to result in death or last for a continuous period of at least twelve months that prevents her from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). In addition, to establish a disability, an individual "must show that he is precluded from engaging not only in his 'previous work,' but also from performing 'any other kind of substantial gainful work that exists in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

In order to determine whether or not a claimant is disabled, an ALJ is required to apply a five-step sequential process. 20 C.F.R. § 416.920(a). Step one determines whether the claimant is currently involved in any substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). If the claimant

is, the claimant will not be considered disabled, regardless of medical findings. *Id.* Step two assesses whether the claimant has a severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). A claimant who does not have a severe impairment will not be considered disabled. *Id.* Step three determines whether a claimant who is not currently involved in any substantial gainful activity and has a severe impairment meets or equals a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant is not working and suffers from a severe impairment that satisfies the duration requirement and meets or equals a listed impairment, the claimant will be considered disabled without considering vocational factors. *Id.* Step four determines whether the claimant is capable of doing past work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past work, the claimant will not be considered disabled. *Id.* If the claimant is not capable of doing past work, in, step five determines whether the claimant is capable of performing other work. 20 C.F.R. § 416.920(a)(4)(v). If, at any point in the process, the claimant is or is not found to be disabled, a determination is made and the analysis will cease. 20 C.F.R. § 416.920(a)(4).

In the instant case, the ALJ applied the five-step sequential process as outlined above. The ALJ's residual functional capacity finding was that:

> Claimant is able to lift 20 pounds occasionally and 10 frequently; stand and walk six out of eight hours a day; sit 6 hours of eight hours a day with a sit or stand optional; claimant cannot use left foot controls; she can occasionally climb (but not use a rope ladder or scaffold); she can occasionally balance, stoop, kneel, crouch, or crawl. Claimant should avoid lifting weights about shoulder height with the left non-dominant arm. Claimant is able to perform simple, repetitive tasks, deal with the public and withstand pressures associated [sic] daily work.

(Tr. at 24.)

In step four, the ALJ determined that Plaintiff is able to perform her past relevant work as an order clerk. In the alternative, the ALJ determined in step five, that Plaintiff is able to perform other work as identified by the vocational expert. Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. at 24.) As part of that determination, the ALJ found Plaintiff's subjective complaints as to the intensity, persistence and limiting effects of her impairments to be "not fully credible." (Tr. at 24.)

///

3

### B. The Questionnaire Completed By Plaintiff's Daughter.

Plaintiff contends that the ALJ failed to consider, as lay evidence, a September 2002 questionnaire (Tr. at 101-06) completed by Plaintiff's daughter, Beatrice Bermudez. Plaintiff contends that the Bermudez questionnaire supported the credibility of Plaintiff, and that the ALJ improperly found Plaintiff not to be credible without any mention or analysis of the questionnaire.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2005). Lay testimony regarding how an impairment affects a claimant's ability to work "cannot be disregarded without comment." *Id.* Here, the ALJ made no reference in her decision to the questionnaire completed by Bermudez. Under *Stout*, the ALJ's failure to address this lay testimony constitutes error. *Id.* at 1053-54.[1]

The Commissioner urges the Court to treat the ALJ's failure to discuss the questionnaire as harmless error. Although harmless error analysis does apply in the Social Security context, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently concluded that no reasonable ALJ. when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.[2]

With respect to the ALJ's credibility determination regarding Plaintiff, the Court finds the ALJ's failure to discuss the Bermudez questionnaire constitutes harmless error. Given the inconsistencies that exist between the Bermudez questionnaire and Plaintiff's own testimony, even if Bermudez's descriptions of her mother's impairments were fully credited, no reasonable ALJ could

---

[1] Bermudez did not testify live at the ALJ hearing, and her completed questionnaire is not signed under penalty of perjury. However, the formal rules of evidence do not apply to proceedings before the ALJ. *See* 20 C.F.R. § 404.950(c) ("The administrative law judge may receive evidence at the hearing even though the evidence would not be admissible in court under the rules of evidence used by the court."); HALLEX I-2-6-58. Given that the ALJ accepted the Bermudez questionnaire as evidence, this Court sees no reason to treat the questionnaire differently from sworn testimony under the rule established by the Ninth Circuit in *Stout*.

[2] Plaintiff fails to cite authorities that support her contention a harmless error rule is inapplicable in this situation. Moreover, the Court is troubled that Plaintiff inaccurately presents both *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996) and *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004) to the Court in its reply brief. *Smolen* does not, as Plaintiff represents (Reply at 3: 2-3), purport to overrule *Vincent v. Heckler*, 739 F.2d 1393 (9th Cir. 1984). *Benecke* does not, as Plaintiff represents (Replay at 3:3-5), state that "failure to consider lay testimony is legal error mandating reversal."

4

find that the credibility of Plaintiff's own testimony was strengthened as a result. Almost every substantive statement made by Bermudez about her mother's residual capabilities is flatly contradicted by Plaintiff's own testimony at the ALJ hearing. Statements made by Bermudez that are directly contradicted by her mothers testimony include claims that her mother does not go shopping (*compare* Tr. at 102 *with* Tr. at 358), that her mother does no household chores (*compare* Tr. at 103 *with* Tr. 357-58), that her mother does not cook (*compare* Tr. at 102 *with* Tr. at 352), that her mother has problems grooming, dressing and cleaning herself (*compare* Tr. at 102 *with* Tr. at 357), and that her mother does not use public transportation (*compare* Tr. at 103 *with* Tr. at 352-53).

Nonetheless, the Court is unable to find that the ALJ's failure to discuss the Bermudez questionnaire constitutes harmless error with respect to the overall disability determination. Taken at face value, the Bermudez questionnaire potentially indicates that Plaintiff has more extensive impairments that the ALJ found in her residual functional capacity finding. Were a reasonable ALJ to fully credit the Bermudez questionnaire (despite the many ways in which it directly conflicts with Plaintiff's own testimony), the representations that Bermudez makes could lead a reasonable ALJ to reach a different residual functional capacity finding. The ALJ's failure to discuss the Bermudez questionnaire therefore cannot be considered harmless error under controlling Ninth Circuit precedent. *Stout*, 454 F.3d at 1056.

Because the ALJ's error in failing to discuss the Bermudez questionnaire cannot be disregarded as harmless, the Court **REMANDS** this action for further proceedings and will require the Commissioner to conduct a new evaluation of the Bermudez questionnaire and its impact, if any, on the disability analysis. To the extent the Commissioner, on remand, determines that the questionnaire answers should not be credited, the Commissioner must state specific, legitimate findings based on substantial evidence in the record. To the extent the Commissioner, on remand, credits the Bermudez questionnaire, the Commissioner is specifically **DIRECTED** to evaluate whether the Bermudez testimony results in different outcome in step 4 (and if so, in step 5) of the sequential disability analysis.

///

///

5

**B.     The ALJ's Failure To Explicitly Consider Obesity Was Not Reversible Error.**

Plaintiff contends that, although she did not explicitly raise obesity as an issue, the ALJ nonetheless erred by failing to consider her obesity when making a determination of residual functional capacity. The Court disagrees, and finds that the ALJ's failure to consider obesity in the sequential analysis is not reversible error under controlling precedent.

Plaintiff relies heavily on *Celaya v. Halter*, 332 F.3d 1177, (9th Cir. 2003), in which the Ninth Circuit reasoned that the ALJ should have considered obesity as a disabling factor in the sequential analysis, even though not explicitly raised by the claimant. However, as the Ninth Circuit's subsequent decision in *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2003) makes clear, *Celaya* is distinguishable from the record before this Court.

As in *Burch* – and unlike *Celaya* – the record here does not indicate that Plaintiff's obesity exacerbated her other impairments, nor does it indicate that Plaintiff's obesity was at least close to the listing criterion considered in step three of the sequential analysis. Plaintiff points to nothing in her medical records to suggest that her weight deserves special consideration when determining her functional capacity. The ALJ considered Plaintiff's knee pain in her decision, and concluded that Plaintiff was able to perform sedentary work with some limitations, despite that impairment. Though there is one reference in Plaintiff's medical record to her being "obese", those records do not link such obesity to any functional limitations. (Tr. at 168.)

Also as in *Burch* – and unlike *Celaya* – Plaintiff was represented by counsel before the ALJ. Under such circumstances, the ALJ's burden to develop the record on her own did not extend to *sua sponte* evaluation of Plaintiff's obesity in the sequential analysis. Accordingly, the ALJ did not commit reversible error by omitting reference to Plaintiff's obesity in her ruling. *See Burch*, 400 at 682 (discussing and distinguishing *Celaya*).[3]

**C.     The ALJ's Credibility Determinations Are Supported By Substantial Evidence.**

Plaintiff contends that the ALJ's credibility determinations regarding Plaintiff's testimony are not supported by substantial evidence. The Court finds this contention unavailing. The ALJ

---

[3] For the same reasons, the Court rejects Plaintiff's contention that the ALJ erred by failing to state that a combination of obesity and knee arthritis were considered in determining Plaintiff's impairments.

6

1 properly provided specific and clear reasons that she rejected Plaintiff's allegations of subjectively
2 disabling symptoms. In particular, the ALJ explained that Plaintiff's subjective complaints as to the
3 intensity, persistence and limiting effects of her impairments were not credible because Plaintiff
4 continued to work after her alleged onset date of June 2002 by working for four to five hours, six
5 days a week, at a store she and her family owned from March 2002 to February 2003 (Tr. at 22, *see*
6 *also* Tr. at 340-42). The ALJ's findings on credibility are "sufficiently specific to allow a reviewing
7 court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and
8 did not arbitrarily discredit a claimant's testimony." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th
9 Cir. 1991) (en banc).

10      Plaintiff specifically contests the ALJ's credibility finding to the extent it was based on the
11 finding that she failed to disclose the fact that she worked at a family-owned store. However,
12 Plaintiff's lack of candor on this point served as only one basis for the ALJ's credibility finding.
13 More importantly, the ALJ's finding on this specific point is substantially supported by the record.
14 Plaintiff testified that the store was only open for one year, from March 2002 to February 2003.
15 (Tr. at 341-42). This testimony conflicts by several months with the seller's permit dated July 2002
16 (Tr. at 128), as well as other evidence that the store had been open for three years (Tr. at 90).
17 Moreover, Plaintiff's new attempt to explain this discrepancy by the possibility that someone else
18 could have run the store before her is flatly contradicted by her testimony before the ALJ that no one
19 ran the store before her family did. (Tr. at 340).

20      Finally, Plaintiff contends that the credibility decision is defective as a matter of law because
21 the decision was made without reference to the Bermudez questionnaire. As discussed above,
22 however, while the ALJ's failure to refer to the Bermudez questionnaire was legal error, this Court
23 has found such error to be harmless with respect to the ALJ's credibility determination.

24      Accordingly, the ALJ's credibility determination is supported by substantial evidence, and
25 will not be disturbed by this Court.

26 ///
27 ///
28 ///

7

### D. The ALJ's Determination That Plaintiff Can Return To Her Past Work Was Not Error.

Plaintiff contends that the ALJ's determination that Plaintiff can return to her past work is erroneous in light of medical testimony that Plaintiff should avoid lifting above the shoulder or waist with her left arm. (Tr. at 307.) Assuming the ALJ's residual functional capacity finding was correct, the Court finds no independent source of error in the ALJ's determination.[4] The ALJ included the limitation that she could not lift above the shoulder with her left arm in the residual functional capacity finding, and the ALJ's determination was supported by substantial evidence including the testimony of the vocational expert. (Tr. at 364-65).[5]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion by **REMANDING** this matter for further consideration by the Commissioner as set forth in Part B above. The Court **DENIES** Defendant's Cross-Motion.

**IT IS SO ORDERED.**

Dated:

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[4] As noted above, to the extent the Commissioner credits the Bermudez questionnaire on remand, the Bermudez questionnaire may alter the ALJ's residual functional capacity finding and, as a result, the ALJ's step 4 analysis.

[5] Because the Court finds no independent source of error in the ALJ's step 4 analysis if the residual functional capacity finding was correct, the Court need not reach the ALJ's alternative step 5 decision.

8